**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**RUBY TUCKER** **PLAINTIFF**

**v.** **CASE NO. 4:25-CV-00083-BSM**

**MONROE COUNTY HUMAN DEVELOPMENT CENTER** **DEFENDANT**

# ORDER

Monroe County Human Development Center's (HDC) motion for summary judgment [Doc. No. 29] is denied on Ruby Tucker's race discrimination claim and granted on her constructive discharge claim.

## I. BACKGROUND

Tucker is a black woman who worked at the HDC for fifty years and rose to the position of Co-Director/Program Coordinator and Assistant Director in 2022. Pl.'s Resp. Def.'s Statement Undisputed Facts ("SUMF"), ¶¶ 2, 6. Doc. No. 35. The HDC's executive director, Mary Harlin, planned to train Tucker to take her place once Harlin retired. *Id.* ¶¶ 6 & 7. At the March 2024 HDC Board of Directors meeting in which Harlin tendered her resignation, Tucker asked the Board if she needed to submit an application to permanently assume the executive director position, but she received no answer. *Id.* ¶¶ 1, 21, 23; Def.'s Mot. Summ. J., Ex. 21 ("Tucker's Dep.") at 29, Doc. No. 29. In the period leading up to Harlin's last day, Tucker continuously inquired about the steps she needed to take to permanently assume the executive director position, but she received no response. Tucker's Dep. at 30–32.

During that time, Tucker had a conflict with lower-level staff members. *Id.* at 59–62. Tucker states that she was humiliated when staff members reported her to the Board and the Board told her that she would have less authority than she was previously given. *Id.* at 64.

When the Board advertised that it was taking applications for the executive director position, Tucker did not apply. SUMF ¶¶ 27, 33. The Board ultimately hired Shealese Washington, a white woman, for the position. *Id.* ¶ 36. The Board offered Tucker a position as a Special Education Teacher and Program Coordinator, but Tucker declined and retired. *Id.* ¶¶ 2, 39; Tucker's Dep. at 73.

Tucker is suing the HDC for race discrimination and constructive discharge under 42 U.S.C. section 1981 and Title VII. The HDC is moving for summary judgment.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986). Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in her pleadings. *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial. *Id.* All reasonable inferences must be drawn in the light most favorable to the non-moving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). The evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

## III. DISCUSSION

The HDC first argues that summary judgment should be granted because Tucker failed to timely respond to its motion. This request is denied because Tucker's late response did not prejudice the HDC. *See Braxton v. Bi-State Dev. Agency*, 728 F.2d 1105, 1107 (8th Cir. 1984) (courts have discretion regarding departures from their rules).

### A. Race Discrimination

Summary judgment is denied on Tucker's race discrimination claim because there is a genuine dispute of fact as to whether she has made out a prima facie case of discrimination. Tucker lacks direct evidence of discrimination, so she must show that discrimination can be inferred from the HDC's actions. *See Harris v. Hays*, 452 F.3d 714, 717–18 (8th Cir. 2006); *see also Kim v. Nash Finch Co.*, 123 F.3d 1046, 1056 (8th Cir. 1997) (Title VII and section 1981 discrimination cases involve the same three-part *McDonnell Douglas* framework). This requires her to establish a prima facie case of discrimination. *Id.* If she does so, the HDC must provide a legitimate, non-discriminatory reason for her termination. *Id.* Tucker must then show that the HDC's reason is pretext for discrimination. *Id.*

To establish a prima facie case of race discrimination, Tucker must show that (1) she is a member of a protected class; (2) she was qualified for the position; (3) she was denied the position for which she applied; and (4) the position was given to someone outside the protected class. *Arraleh v. County of Ramsey*, 461 F.3d 967, 975 (8th Cir. 2006). Tucker satisfies elements one, two, and four, but there is a dispute as to whether she satisfies element three because she did not apply for the executive director position when the Board took

applications for it. Brief Supp. MCHDC's Mot. Summ. J., Ex. 1 at 4, Doc. No. 29.

To satisfy element three, Tucker would typically have to show that she applied for the position; however, she can also satisfy this element by showing that she made every reasonable attempt to convey her interest in the position. *Chambers v. Wynne Sch. Dist.*, 909 F.2d 1214, 1217 (8th Cir. 1990). There is a genuine factual dispute as to whether Tucker made every reasonable attempt to express her interest in the position. The record shows that Tucker was promoted to co-director and was being trained to permanently assume the executive director position once Harlin retired. When Harlin retired, Tucker attempted to talk to the Board and Harlin on multiple occasions to find out what she needed to do to permanently assume the position, but they never directly responded to her inquiries. Tucker's Dep. at 67–70. Although the HDC states that a board member asked Tucker if she was going to apply, and Tucker said no, Tucker testified that this is untrue. SUMF ¶ 30. Summary judgment is denied because there is a factual dispute as to whether Tucker made every reasonable attempt to convey her interest in the executive director position.

Neither party argues the remaining *McDonnell Douglas* factors, so those are not addressed.

B. Constructive Discharge

Summary judgment is granted on Tucker's constructive discharge claim. To establish a constructive discharge claim, Tucker must show (1) that the discrimination she experienced was such that a reasonable person in her position would have found working conditions so intolerable that she was compelled to resign and (2) that she actually resigned. *Green v.*

*Brennan*, 578 U.S. 547, 555 (2016). Tucker does not have to show that the HDC was trying to make her resign. *Brokken v. Hennepin Cnty.*, 140 F.4th 445, 451 (8th Cir. 2025). The second element is undisputed because Tucker resigned. SUMF ¶ 41.

Tucker cannot prove the first element because she points to no discriminatory conduct during her employment at the HDC which predates her failure to promote above. *Brokken*, 140 F.4th at 451 ("The first element is an objective standard that considers . . . the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance."). Tucker's claim rests upon the HDC's "disrespect" when she was reported by other staff members. While Tucker may have been embarrassed by the HDC's response, there is nothing to suggest that the HDC's actions were discriminatory.

Further, Tucker resigned voluntarily after the HDC offered her another job. *See Bell v. Baptist Health*, 60 F.4th 1198, 1203 (8th Cir. 2023) (finding no constructive discharge when the employer made efforts to retain the employee); Tucker Dep. at 74–75 (stating she was retiring because "the Lord" told her to do so). Although Tucker may have been frustrated by not retaining the executive director position and perceived she was being disrespected by the Board, this is not enough to support a constructive discharge claim.

## IV. CONCLUSION

The HDC's motion for summary judgment is denied on Tucker's race discrimination claim and granted on her constructive discharge claim.

IT IS SO ORDERED this 21st day of September, 2026.

Brian S. Miller
UNITED STATES DISTRICT JUDGE